IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANDREW C. NEAL, JR. II  PLAINTIFF
SCDC #8600

VS.  4:20-CV-00863-BRW

ARKANSAS SUPREME COURT, *et al*.  DEFENDANTS

## ORDER

On July 22, 2020, Plaintiff Andrew C. Neal, Jr. ("Plaintiff") filed a Complaint under 42 U.S.C. § 1983.[1] The next day, I directed Plaintiff to either pay the $400 filing fee or file a motion to proceed *in forma pauperis*, or his case would be dismissed.[2] Plaintiff paid the fee.[3]

Plaintiff is in custody at the Sharp County Detention Center.[4] I must screen prisoner complaints that seek relief against a government entity, officer, or employee.[5] The screening requirement applies regardless of the plaintiff's fee status.[6]

I will dismiss any part of a complaint raising claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek money from a defendant who is immune from paying damages.[7] A claim is frivolous if "it lacks an arguable

---

[1] Doc. No. 1. Plaintiff later filed a Supplement to his Complaint. Doc. No. 4.

[2] Doc. No. 2.

[3] Doc. No. 3.

[4] Doc. No. 1 at 4.

[5] 28 U.S.C. § 1915A.

[6] *Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (per curiam).

[7] *Id*.

basis either in law or in fact."[8]  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."[9]

## I.     BACKGROUND

Plaintiff sued the Arkansas Supreme Court, the Arkansas Bar Association, the New York Bar Association, the Missouri Bar Association, the Colorado Bar Association, the Hardy Police Department, the Oswego County Family Court, the Circuit Court of Sharp, Lawrence, Randolph, and Jackson Counties, and a bevy of Doe Defendants.[10]  He sued all Defendants in their personal and official capacities.[11]

## II.    DISCUSSION

Plaintiff's Complaint fails to state a claim on which relief may be granted.  Plaintiff filed suit under 42 U.S.C. § 1983.  To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or statutory right.[12]  The following Defendants are not "persons" subject to suit under § 1983: the Arkansas Supreme Court; the Oswego County Family Court, the Circuit Courts of Sharp, Lawrence, Randolph, and Jackson Counties, and the Hardy Police Department.[13]  As to all

---

[8] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] Doc. No. 1.

[11] *Id.*

[12] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[13] *See McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (internal citations omitted); *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 428 (8 Cir. 1986); *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992).

remaining Defendants, Plaintiff failed to explain sufficiently which Defendant took what specific action against him and how he was harmed personally.[14]  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.[15]  To the extent factual allegations were made, I find the allegations frivolous.[16]

## CONCLUSION

For the reasons set out above, Plaintiff's Complaint (Doc. Nos. 1, 4)  is DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.[17]  Dismissal constitutes a strike.[18]

I certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.[19]

IT IS SO ORDERED, 19th day of August, 2020.

Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[14] Doc. No. 1.

[15] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[17] 28 U.S.C. § 1915A.

[18] 28 U.S.C. § 1915(g).

[19] 28 U.S.C. § 1915(a)(3).